CATTARAUGUS COUNTY.—HON. ALFRED SPRING, SURROGATE.—June, 1881.

JONES v. HOOPER.

*In the matter of the judicial settlement of the account of* DAVID P. HOOPER *and* MORRIS M. JONES, *as executors of the will of* ROBERT T. JONES, *deceased.*

The general language of Code Civ. Pro., § 2472, empowering Surrogates' courts "to direct and control the conduct" of executors and administrators (subd. 3), and "to administer justice in all matters relating to the affairs of decedents" (subd. 6), places it within the

scope and province of those courts to approve or disapprove of investments, made by executors or testamentary trustees, of the funds of their testator's estate, under directions contained in the will.

Non-compliance, by executors, with a testamentary direction to place funds in "safe investments"—illustrated.

JUDICIAL settlement of executors' account, upon the petition of Robert H. Jones, a beneficiary under decedent's will. The facts appear sufficiently in the opinion.

J. H. WARING, *for petitioner*.

C. D. VAN AERNAM, *for executors.*

THE SURROGATE.—By the will of deceased, the executors were directed to make " safe investments " of the funds of the estate, and use the interest arising therefrom to support and maintain the petitioners herein. At the time of the taking of the inventory, they were charged with the following property :

| | |
|---|---:|
| One U. S. 7.30 bond of    -    -    -    -    - | $1,000 |
| One first mortgage on real estate, -    -    -    - | 800 |
| In Utica Savings Bank, at 6 per cent.,    -    - | 600 |
| One promissory note,   -    -    -    -    -    - | 32 |
| Cash,    -    -    -    -    - | 364 |
| Total, -    -    -    -    - | $2,796 |

This fund came to their hands in admirable shape. The executors have converted all of these securities into cash, as empowered by the will, but their subsequent investments were not at all in conformity to the trust accepted by them.

They lent to one Williams $1200, and for a long time took no security therefor, but in 1878 received a second mortgage on about 140 acres of farming land,

which it is conceded are worth only $20 per acre, and which were and are now encumbered by another mortgage of about the same amount as the one taken by them in their trust capacity. The proof also shows that the mortgagor is so involved that his indebtedness at least equals his assets. Clearly, such an investment as this was not contemplated by the testator when he cautiously empowered his trustees to make a safe investment of his carefully husbanded fund.

The other investments made by the executors are no better than the one mentioned. One of the executors has $700, and the other $200, and in neither case is there a tittle of security for the amounts thus held by them. There are also two promissory notes, held by them as executors, against different parties, one of which was given to secure the payment of $200 and the other of $250. So that the executors, instead of heeding the cautious direction of the testator, and investing the property he had entrusted to them safely and securely, have placed it in jeopardy, and where it is liable to be dissipated long before the residuary legatees will be entitled to it.

On the question of the authority of a Surrogate to approve or withhold his approval from investments made by executors or testamentary trustees, an examination of the statutes and authorities convinces me that a power of this kind is within the scope and province of a Surrogate's court.

The general language of the statute empowering the Surrogate "to direct and control the conduct of executors," etc., and " to administer justice in all matters relating to the affairs of deceased persons,"

has been held applicable to a variety of cases by the courts, until the tendency is to enlarge instead of abridging the jurisdiction of a Surrogate in his control over those entrusted with the management of estates of such persons (Bliss v. Sheldon, *7 Barb.*, *152*; Wood v. Brown, *34 N. Y.*, *337*; Seaman v. Duryea, *11 N. Y.*, *327*). Such being my comprehension of the law, and believing that these investments are not made in accordance with the wishes of the testator, as expressed in his last will—that they are not " safe investments," I disapprove of each and every of them.